IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GEORGE EDWARD FROSCH, PRO SE, § <br> also known as GEORGE EDWARD FORSCH, § <br> TDCJ-CID No. 1648694, § <br> Previous TDCJ-CID No. 1232205, § <br> Previous TDCJ-CID No. 1505559, § <br> Previous TDCJ-CID No. 817530, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JAMES ABBOTT, Attorney at Law, § <br> § <br> Defendant. § | 2:12-CV-0235 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff GEORGE EDWARD FROSCH, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*.

Plaintiff complains that, in June of 2010, the defendant, while representing plaintiff in a criminal case, "allowed [plaintiff] to sign a guilty plea on a sentence that was unlawfully enhanced . . . ."

Plaintiff requests that the Court "make [defendant] file necessary paperwork for an appeal to reverse the unlawfull [sic] sentence" and that the Court "cite [the defendant] for ineffective counsel."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Plaintiff alleges the defendant's act(s) occurred in June of 2010. Plaintiff signed and, presumably, mailed the instant suit on November 6, 2012. Plaintiff filed suit approximately four months after expiration of the statute of limitations. His claim, therefore,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

In addition, two elements are necessary for recovery in a suit asserted under Title 42, United States Code, section 1983: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Neither retained counsel nor court-appointed counsel is a state actor. *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985)(retained counsel not a state actor); *McCoy v. Gordon*, 709 F.2d 1060, 1062 (5th Cir. 1983), *cert. denied*, 472 U.S. 1030, 105 S.Ct. 3507, 87 L.Ed.2d 637 (1985); *United States ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (*per curiam*)(court-appointed attorney not a state actor); and plaintiff's allegations show he cannot allege any fact to supply the requirement of state action.

Consequently, it is clear plaintiff cannot allege facts which will state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff GEORGE EDWARD FROSCH is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 21st _____ day of November, 2012.

_____
MARY LOU ROBINSON
United States District Judge